# EXHIBIT 2

# LEVIN SEDRAN & BERMAN LLP

*Counsellors at Law and Proctors in Admiralty*

———

ARNOLD LEVIN
LAURENCE S. BERMAN
FRED S. LONGER*
DANIEL C. LEVIN
CHARLES E. SCHAFFER
AUSTIN B. COHEN*
MICHAEL M. WEINKOWITZ*+
KEITH J. VERRIER
NICOLA F. SERIANNI*
DAVID MAGAGNA*
NICHOLAS ELIA

510 WALNUT STREET
SUITE 500
PHILADELPHIA, PA 19106-3697

———

TELEPHONE (215) 592-1500
FACSIMILE (215) 592-4663

OF COUNSEL:
HOWARD J. SEDRAN
SANDRA L. DUGGAN
RAYMOND P. FORCENO

*also admitted in New Jersey
+also admitted in New York

Daniel C. Levin, Esquire
Dlevin@lfsblaw.com

September 2, 2020

***Via E-Mail***
Richard D. Gable, Jr., Esquire
BUTLER WEIHMULLER KATZ CRAIG LLP
1818 Market Street, Suite 2740
Philadelphia, PA 19103
rgable@butler.legal

Sarah D. Gordon, Esquire
John J. Kavanagh, Esquire
Chris Han, Esquire
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
sgordon@steptoe.com
JKavanagh@steptoe.com
chan@steptoe.com

> **Re:** ***Seymon Bokman d/b/a L'uomo v. Sentinel Insurance Company***
> ***Civil Action No. 2:20-cv-2887-TJS***

Dear Counsel:

Attached please find Plaintiff's First Requests for Production of Documents in the above matter. Please respond to these requests in accordance with the Rules of Civil Procedure.

In addition, attached is a Draft Stipulated Protective Order for your comments.

Very truly yours,

*/s/ Daniel C. Levin*

**DANIEL C. LEVIN**

DCL:jsl
Attac.

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

SEYMON BOKMAN d/b/a L'UOMO,

                **Plaintiff,**

    **v.**

SENTINEL INSURANCE COMPANY
LIMITED,

                **Defendant.**

**Civil Action No. 2:20-cv-2887-TJS**

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
## OF DOCUMENTS DIRECTED TO DEFENDANT

## I.    DEFINITIONS

1.    The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

2.    The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

3.    The terms "You" and "Your(s)" and "Defendant" refer to Sentinel Insurance Company Limited and, where applicable, any of its present or former divisions, officers, directors, employees, partners, corporate parent, agents, representatives, predecessors, successors, subsidiaries, or affiliates.

4.    The terms "ISO" or "Insurance Services Office" refer to the entity located at Insurance Services Office (ISO) 545 Washington Boulevard, Jersey City, NJ 07310.

5.     The term "Virus and Bacteria Exclusion" (the "Exclusion") is defined as endorsement CP 01 40 07 06 – Exclusion Of Loss Due To Virus Or Bacteria, published by the ISO in 2006.  *See* https://www.propertyinsurancecoveragelaw.com/files/2020/03/ISO-Circular-LI-CF-2006-175-Virus.pdf (last visited July 7, 2020).

6.     The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

1.     Relating.   The term "relating" means concerning, relating to, referring to, describing, evidencing or constituting, and vice versa.

2.     All/Any/Each.   The terms "all," "any," and "each" shall each be construed as encompassing any and all.

3.     And/Or.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

4.     Number.  The use of the singular form of any word includes the plural and vice versa.  Whenever necessary to bring within the scope of any request all information that might otherwise be construed to be outside its scope, (a) the use of a verb in any tense shall be construed as the use of the verb in all other tenses, (b) the use of the singular shall be construed as the use of the plural, and vice versa, and (c) "each" shall be construed to mean "any," and vice versa.

5.     If information stored in, or accessible through, computers or other data retrieval systems is produced, it must be accompanied with instructions and all other materials necessary to use or interpret such data, including any data dictionaries or other descriptive materials.

## II.    INSTRUCTIONS

1.      In producing documents and other materials, you are requested to furnish all documents or things in your possession, custody or control, regardless of whether such documents or materials are possessed directly by you or your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or by your attorneys or their agents, employees, representatives or investigators.

2.      These document requests are continuing in nature, and you are required to supplement your responses to these document requests if you acquire responsive information after serving your initial answers.  If you fail to do so, you may be precluded at trial from introducing evidence relating to the subject matter of these document requests, or subject to other sanctions.

3.      Each request is to be construed independently and answered separately, fully and completely, without reference to any answer or response to any other request, unless specifically requested to do so.

4.      Documents should be produced as they are kept in the ordinary course of business. Any file folder or other container in which a document is kept in the regular course of business is to be treated as part of the document and produced as such.  If information stored in, or accessible through, computers or other data retrieval systems is produced, it must be accompanied with instructions and all other materials necessary to use or interpret such data, including any data dictionaries or other descriptive materials.

5.      For any document that you claim is being withheld under claim of privilege, work product, or for any other reason, please provide with your responses and objections, a privilege log setting forth the following information:

   i.      the general subject matter of the document and a description of the file or other location where it was found;

ii.        the title, heading or other location where it was found;

iii.        the date appearing on the document (if no date appears thereon, then the approximate date on which the document was prepared);

iv.        the general nature or description of the document (*i.e.*, whether it is a letter, memorandum, invoice, etc.) and the number of pages of which it consists;

v.        the identity of each person who prepared, authored or signed the document;

vi.        the identity of each person to whom the document (or copy thereof) was addressed and/or sent;

vii.        the identity of each person who has custody of the document (or a copy thereof); and

viii.        the specific basis or grounds upon which the document is being withheld.

6.      If you do not have all the documents responsive to any paragraph, please so state and identify each person whom you know or believe may have such documents.

7.      In the event that any document called for by this request for production of documents has been destroyed, lost, discarded, or otherwise disposed of, each such document is to be identified as completely as possible, including, without limitation, the following information: author; recipient; sender; subject matter; date prepared or received; date of disposal; person authorizing the transfer, destruction or other disposition of the document; person currently in possession of the document; person disposing of the document; and explanation of the circumstances surrounding the disposition.

8.      The "form" of your responses must comply with the Federal Rules of Civil Procedure, and any ESI protocol or stipulation between the parties or as otherwise directed by the Court.

## III.    <u>DOCUMENTS TO BE PRODUCED</u>

1.      All documents concerning the Exclusion, including, but not limited to, all documents concerning:

a. All internal documents and/or correspondence of Defendant regarding the drafting of the Exclusion;

b. All documents and/or correspondence between Defendant and ISO regarding drafting of the Exclusion;

c. All documents and/or correspondence between Defendant and any state insurance commissioner, governmental regulatory agency, or governmental official concerning the Exclusion;

d. All documents and/or correspondence between Defendant and any other insurance carrier or organization made up of insurance carriers in whole or in part concerning the Exclusion;

e. Explanatory memoranda drafted or developed by Defendant and/or the ISO concerning the Exclusion;

f. Preliminary drafts of the Exclusion prepared or circulated by Defendant and/or the ISO;

g. Any workbooks or other materials written, prepared, or distributed by the Defendant and/or the ISO regarding the Exclusion;

h. Documents concerning any modification or amendment, or lack thereof, to the Exclusion;

i. Minutes of meetings held by Defendant and/or the ISO, or by any committees or subgroups of Defendant and/or those sponsored by the ISO, concerning the drafting, origin, construction, modification, criticism, or approval of the Exclusion;

j. Attendance documents for any meetings of Defendant or by any committees or subgroups, concerning the drafting, origin, construction, modification, criticism, or approval of the Exclusion;

k. Attendance documents for any meetings at which Defendant participated in any manner whatsoever with the ISO or any committees or subgroups of the ISO concerning the drafting, origin, construction, modification, criticism, or approval of the Exclusion;

l. Any and all documents and/or communications that Defendant has that relates in any manner whatsoever to ISO's statement to state insurance regulators that "Disease-causing agents may render a product impure (change its quality or substance) or enable the spread of disease by their presence on interior building surfaces or the surfaces of personal property. When disease-causing viral or bacterial contamination occurs, potential claims involve the cost of replacement of property (for example, the milk), cost of decontamination (for example, interior building surfaces), and business interruption (time element) losses. Although building and personal property could arguably become contaminated (often temporarily) by such viruses and bacteria, the nature of the property

itself would have a bearing on whether there is actual property damage. An allegation of property damage may be a point of disagreement in a particular case;" and

m. Any and all document relating to any consideration of or evaluation of whether the Exclusion includes an exclusion of coverage where access to an insured property has been restricted to premises due to the presence and/or threat of a situation as presented precisely like that presented by COVID-19.

2. The complete Drafting History of the Exclusion Policy Terms, as those terms are found in the Commercial Property Coverage Form, Building and Personal Property Coverage Form, or any other applicable coverage forms, including but not limited to documents of Defendant and documents of the ISO that comprise, or that refer, relate or pertain to, the Drafting History.

3. All documentation, memoranda, research, or correspondence regarding or detailing the relationship between the Exclusion and its relationship to the costs of insurance coverage, premiums, rates, or any other financial impact of the Exclusion on Defendant and/or on the insurance industry in general.

4. All communications or correspondence between Defendant and any state or federal regulatory bodies concerning or seeking approval of the Exclusion, as well as all documents provided by and representations made to such bodies.

5. All communications or correspondence between the ISO and any state or federal regulatory bodies concerning or seeking approval of the Exclusion, as well as all documents provided by and representations made to such bodies.

6. Any documentation, communications, research, or correspondence concerning Defendant's drafting of policy forms to include an exclusion for the term "pandemic."

7. All documents concerning the record retention policies and practices followed by Defendant.

8. All documents relating to Your contractual relationship with the ISO.

9.     All documentation, memoranda, research, or correspondence regarding or relating to provisions in Your policies concerning Business Income Coverage Losses that an insured may sustain due to the necessary suspension of operations ("Business Income" coverage). "Business Income" means net income (net profit or loss before income taxes) that would have been earned or incurred in the absence of loss as well as continuing normal operating expenses, including payroll.

10.     All documentation, memoranda, research, or correspondence regarding or relating to provisions in Your policies concerning coverage for expenses that may be incurred by an insured to minimize suspension of business losses ("Extra Expense" coverage). In this regard, "Extra expense" means "necessary expenses an insured incurs due to partial or total 'interruption of business' resulting directly from 'loss' or damage to property[.]"

11.     All documentation, memoranda, research, or correspondence regarding or relating to provisions in Your policies concerning coverage for losses that an insured may sustain as a result of the insured complying with an order from a Civil Authority ("Civil Authority" coverage), including an interruption of business caused by a Civil Authority Order.  Civil Authority coverage is defined to include coverage that Defendant agreed to "pay for the actual loss of 'income' the insured may sustain and necessary 'extra expense' caused by action of civil authority that prohibits access to the insured property premises due to physical damage to property near the premises, that prohibits access to property immediately surrounding the damaged property, that prohibits access to premises within a prohibited area, and that the civil authority is taken in response to dangerous physical conditions."

12.     All documentation, memoranda, research, or correspondence regarding or relating to provisions in Your policies concerning coverage for losses that an insured may sustain as a

result of the insured incurring expenses necessary to protect a Covered Property from further damage in the event of a loss ("Sue and Labor" coverage). "Sue and Labor" coverage includes steps taken by the insured to "[p]rotect property from further damage" and, "if necessary, for property protection, make reasonable repairs and keep a record of all repair costs."

13.    All documentation, memoranda, research, or correspondence regarding or relating to provisions in Your policies concerning defining the word "suspension" to include or exclude the circumstance of an insured's business suffering a "slowdown or cessation of your business activities[.]" Included with this request is all such documents relating to a "partial or complete cessation" of business activities constituting a "suspension" under the Policy.

14.    All documentation, memoranda, research, or correspondence regarding or relating to provisions in Your policies concerning a requirement that the Policy requires an insured to "protect Covered Property from further damage[.]"

15.    All documentation, memoranda, research, or correspondence regarding or relating to provisions in Your policies concerning the phrase "period of restoration" – and that coverage begins at the time of the direct loss and lasts through the earlier of the date the property is repaired or resumed at a new permanent location.

16.    All documentation, memoranda, research, or correspondence regarding or relating to provisions in Your policies concerning the Virus Exclusion titled, ""Fungi', Wet Rot, Dry Rot, Bacteria and Virus" including, but not limited to, the interpretation of that exclusion as identified as being in Form ss 40 93 07 05 of Your policies.

17.    All documentation, memoranda, research, or correspondence regarding or relating to provisions in Your policies concerning Virus Limited Additional Coverage, titled, "Limited Coverage for 'Fungi', Wet Rot, Dry Rot, Bacteria and Virus" including, but not limited to, that

limited additional coverage and the interpretation of the provisions of that coverage as identified as being in Form SS 40 93 07 05 of Your policies.

18. All documentation, memoranda, research, or correspondence regarding or relating to provisions in Your policies concerning Two or More Coverages, titled, "Insurance Under Two or More Coverages", including, but not limited, to that coverage and its interpretation, as identified as being in Form SS 00 05 10 08 of Your policies.

19. All documentation, memoranda, research, or correspondence regarding or relating to provisions in Your policies concerning provisions related to "No 'direct physical loss'- Business Income" including but not limited to provisions relating to and concerning the interpretation of interruption of business coverage requiring "direct physical loss of or physical damage to property…caused by or resulting from a Covered Cause of Loss" as identified as being in Form SS 00 07 07 05 Your policies.

20. All documentation, memoranda, research, or correspondence regarding or relating to provisions in Your policies concerning provisions related to "No 'direct physical loss'- Extra Expense" including but not limited to provisions relating to and concerning the interpretation of interruption of business coverage and extra expense coverage requiring "direct physical loss of or physical damage to property…caused by or resulting from a Covered Cause of Loss" as identified as being in Form SS 00 07 07 05 of Your policies.

21. All documentation, memoranda, research, or correspondence regarding or relating to provisions in Your policies concerning provisions related to a "Covered Cause of Loss" including but not limited to provisions relating and concerning interpretation of interruption of business coverage and extra expense coverage as identified as being in Form SS 00 07 07 05 of Your policies.

22.     All documentation, memoranda, research, or correspondence regarding or relating to provisions in Your policies concerning provisions related to additional coverage for "Ordinance of Law-Limits" including but not limited to provisions relating and concerning the interpretation of such coverage as identified as being in Form SS 00 07 07 05 of Your policies.

23.     All documentation, memoranda, research, or correspondence regarding or relating to provisions in Your policies concerning the exclusion titled, "Pollution" exclusion, including, but not limited to, that exclusion as identified as being in Form SS 00 07 07 05 of Your policies.

24.     All documentation, memoranda, research, or correspondence regarding or relating to provisions in Your policies concerning the exclusion titled, "Consequential Losses" exclusion, including, but not limited to, that exclusion as identified as being in Form SS 00 07 07 05 of Your policies.

25.     All documentation, memoranda, research, or correspondence regarding or relating to provisions in Your policies concerning provisions related to "Civil Authority" additional coverage including but not limited to provisions relating to and concerning the interpretation of such coverage as identified as being in Form SS 00 07 07 05 of Your policies.

26.     All documentation, memoranda, research, or correspondence regarding or relating to provisions in Your policies concerning provisions related to "Business Income from Dependent Properties" additional coverage including but not limited to provisions relating to and concerning the interpretation of such coverage as identified as being in Form SS 00 07 07 05 of Your policies.

27.     All documentation, memoranda, research, or correspondence regarding or relating to provisions in Your policies concerning provisions related to "Extended Business Income" additional coverage including but not limited to provisions relating to and concerning the interpretation of such coverage as identified as being in Form 00 07 07 05 of Your policies.

28.     All documentation, memoranda, research, or correspondence regarding or relating to provisions in Your policies concerning provisions related to the "Acts or Decisions" exclusion including but not limited to provisions relating to and concerning the interpretation of such exclusion as identified as being in Form 00 07 07 05 of Your policies.

LEVIN SEDRAN & BERMAN, L.L.P.

Date: September 2, 2020

*/s/ Daniel C. Levin*
Arnold Levin, Esq.
Laurence S. Berman, Esq.
Frederick Longer, Esq.
Daniel Levin, Esq.
510 Walnut Street, Suite 500
Philadelphia, PA 19106-3697
Telephone: (215) 592-1500
alevin@lfsblaw.com
lberman@lfsblaw.com
flonger@lfsblaw.com
dlevin@lfsblaw.com

Richard M. Golomb, Esq.
Kenneth J. Grunfeld, Esq.
**GOLOMB & HONIK, P.C.**
1835 Market Street, Suite 2900
Philadelphia, PA 19103
Telephone: (215) 985-9177
Facsimile: (215) 985-4169
rgolomb@golombhonik.com
kgrunfeld@golombhonik.com

W. Daniel "Dee" Miles, III, Esq.
Rachel N. Boyd, Esq.
Paul W. Evans, Esq.
**BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.**
P.O. Box 4160
Montgomery, Alabama 36103
Telephone: (334) 269-2343
Facsimile: (334) 954-7555

***Counsel for Plaintiff***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff's First Requests for Production of Documents was served on this 2nd day of September 2020, upon the below counsel via email.

Richard D. Gable, Jr., Esquire
BUTLER WEIHMULLER KATZ CRAIG LLP
1818 Market Street, Suite 2740
Philadelphia, Pennsylvania 19103
rgable@butler.legal

Sarah D. Gordon, Esquire
John J. Kavanagh, Esquire
Chris Han, Esquire
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
sgordon@steptoe.com
JKavanagh@steptoe.com
chan@steptoe.com

*/s/ Daniel C. Levin*
Daniel C. Levin

# DRAFT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ***SEYMON BOKMAN d/b/a L'UOMO*** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 2:20-cv-02887-TJS** |
| | ) | |
| **SENTINEL INSURANCE COMPANY,** | ) | |
| **LIMITED** | ) | **JURY TRIAL DEMAND** |
| | ) | |
| **Defendant.** | ) | |

## STIPULATED PROTECTIVE ORDER

The parties to this Action hereby stipulate and agree that, pursuant to Fed. R. Civ. P. 26(c), the maintenance and disclosure of confidential information shall be subject to the terms set forth in this Stipulated Protective Order:

1.    As used in the Protective Order, these terms have the following meanings:

- "Attorneys" means counsel of record;

- "Confidential" documents are documents designated pursuant to Paragraph 3 (below);

- "Discovery Material" includes all materials produced in response to any discovery request (including, but not limited to, documents, deposition transcripts, interrogatory responses, subpoenas and responses to requests for admission) in this action made to or by any party or non-party; all information contained in those materials; and all copies, excerpts, or summaries of those materials; "Documents" are all materials within the scope of Fed. R. Civ. P. 34;

- "Outside Vendors" means, by way of example, messenger, copy, coding, and other clerical-services vendors not employed by a party or its Attorneys; and

- "Written Assurance" means an executed document in the form attached as Exhibit A.

2.      The Parties may use Discovery Material solely for the purposes of this litigation, including any and all appeals, and not for any other purpose.

3.      A Party may designate a document "Confidential" to protect information within the scope of Fed. R. Civ. P. 5.2; 26(c)(1)(G), namely, social-security number(s), taxpayer-identification number(s), dates of birth, financial-account number(s), trade secret(s), confidential research, development, or commercial information.  Any Discovery material, including documents, discovery responses, testimony, tangible things, or other information may be designated Confidential regardless of how generated, stored, or maintained if the Producing Party reasonably and in good faith believes that such material contains or reflects information that constitutes confidential, non-public, proprietary, commercially sensitive, and/or private information of an individual or entity.

4.      Confidential documents, along with the information contained in the documents, shall be used solely for the purpose of this action or shared with counsel in accordance with Paragraph 4(h), below, once protective orders are entered in those cases. No person receiving such documents shall, directly or indirectly, use, transfer, disclose, or communicate in any way the documents or their contents to any person other than those specified in this Protective Order.  The Parties shall not disclose information or documents

designated Confidential to putative class members not named as plaintiffs in this Action unless and until a class has been certified.

5.  Access to any Confidential document shall be limited to:

    a.  the Court and its staff;

    b.  Attorneys, their law firms, and their Outside Vendors;

    c.  court reporters retained to transcribe testimony;

    d.  the parties;

    e.  outside independent persons (*i.e.*, persons not currently employed by, consulting with, or otherwise associated with any party) who are retained by a party or its Attorneys to provide assistance as mock jurors or focus group members or the like, or to furnish technical or expert services, and/or to give testimony in this action;

    f.  the parties' insurers and insurers' counsel participating in matters relating to this action and their legal, clerical, or support staff, including temporary or contract staff;

    g.  deponents and their counsel who have a need to review this material during the course of, or in connection with, depositions taken in or for this action; and

    h.  other persons only by written consent of the Producing Party or upon order of the Court and on such conditions as may be agreed or ordered.

6.  If a party that received Confidential documents ("Receiving Party") is served with a subpoena or an order issued in other litigation that would compel disclosure of any

material or document designated in this Action as Confidential, the Receiving Party must so notify the party that designated the document as Confidential ("Designating Party"), in writing immediately and in no event more than six (6) business days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

7.      Third parties producing documents in the course of this action may also designate documents as Confidential, subject to the same protections and constraints as the parties to the action.  A copy of the Protective Order shall be served along with any subpoena served in connection with this action.

8.      Each person appropriately designated pursuant to Paragraph 5(e) or (g) to receive Confidential information shall execute a "Written Assurance" in the form attached as Exhibit A.  When a "Written Assurance" is executed by an "outside independent person," as designated in Paragraph 4(e), such "Written Assurance" shall not be produced to the opposing Party except upon agreement of all Parties or by order of the Court upon a showing of good cause.  Opposing counsel shall be notified at least fourteen days prior to disclosure to any such person who is known to be a current employee or agent of, or consultant to, any competitor of the party whose designated documents are sought to be disclosed.  Such notice shall provide a reasonable description of the outside independent person to whom disclosure is sought sufficient to permit objection to be made.  If a party objects in writing to such disclosure within fourteen days after receipt of notice, no disclosure shall be made until the party seeking disclosure obtains the prior approval of the Court or the objecting party.

9.      All depositions or portions of depositions taken in this action that contain

Confidential information may be designated Confidential and thereby obtain the protections accorded other Confidential documents. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within fourteen days of receipt of the transcript. Unless otherwise agreed, depositions shall be treated as "Confidential" during the fourteen day period following receipt of the transcript. The deposition of any witness (or any portion of such deposition) that encompasses Confidential information shall be taken only in the presence of persons who are qualified to have access to such information.

10.     To the extent any Confidential materials subject to this Protective Order (or any pleading, motion, or memorandum disclosing them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses Confidential information, shall be filed under seal (by the filing party) with the Clerk of the Court with a simultaneous motion pursuant to Local Rules 5.1.2(7) and 5.1.5 (the "Sealing Motion"). Any motion or brief quoting, referencing, or relying on Confidential information may be filed electronically with the Confidential information redacted, and the filing party shall deliver a paper copy of the unredacted version to the Clerk of the Court in the manner proscribed by Local Rule 5.1.2(7). Even if the filing party believes that the materials subject to the Protective Order are not properly classified as Confidential, the filing party shall file the Sealing Motion; provided, however, that the filing of the Sealing Motion shall be wholly without prejudice to the filing party's rights to challenge the designation of such materials as Confidential. The filing party may challenge the designation of confidentiality upon motion with the Court. The burden of proving the

materials are Confidential will lie with the party asserting confidentiality.

11.     If, in connection with this action, information subject to a claim of protection by the attorney-client privilege or the work product doctrine is produced ("Disclosed Protected Information"), the disclosure of the Disclosed Protected Information is not a waiver or forfeiture of any claim of privilege, work product or other protection that a party would otherwise be entitled to assert with respect to the Disclosed Protected Information and its subject matter, provided that the Producing Party provides written notice of the disclosure ("Disclosure Notice") to the Receiving Party within fourteen days of production discovering that Disclosed Protected Information has been produced.  Within fourteen days of receipt of the Disclosure Notice, the Receiving Party shall return, sequester, destroy, or retrieve all copies of the Disclosed Protected Information, including any copies that the Receiving Party provided to experts, third parties, or any other individuals or entities. Upon request, the Receiving Party shall provide a certification of counsel that all such Disclosed Protected Information has been returned, sequestered, destroyed, or retrieved. The Producing Party also shall provide substitute appropriately-designated documents and a privilege log of the Disclosed Protected Information within ten business days of the Disclosure Notice.  The contents of the Disclosed Protected Information shall not be disclosed to anyone who was not already aware of the contents of the Disclosed Protected Information before the Disclosure Notice was made.  The Receiving Party returning the Disclosed Protected Information may move the Court for an order compelling production of some or all of the material that is subject to the Disclosure Notice returned or destroyed, but the basis for such a motion may not be the fact or circumstances of the

production. The stipulated agreement set forth in this paragraph does not constitute a concession by any party that any documents are subject to protection by the attorney-client privilege, the work product doctrine or other potentially applicable privilege or doctrine.

12. Within fourteen days of production, a Designating Party may request a change in the designation of any information designated Confidential. Any such document shall be treated as designated until the change is completed. If the requested change in designation is not agreed to, the party seeking the change may move the Court for appropriate relief, providing notice to any third party whose designation of produced documents as Confidential in the action may be affected. The party asserting that the material is Confidential shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).

13. Within 60 days of the termination of this action, including any appeals, each party shall either destroy or return to the Producing Party all documents designated by the Producing Party as Confidential and all copies of such documents, and shall destroy all extracts and/or data taken from such documents. Each party also must retrieve or certify destruction of any Confidential produced to experts, third parties, or any other individuals or entities. Each party shall provide a certification as to such return or destruction within the 60-day period. However, Attorneys shall be entitled to retain a set of all documents filed with the Court and all correspondence generated in connection with the action.

14. Any party may apply to the Court for a modification of the Protective Order, and nothing in this Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

15. Nothing herein shall prevent any of the Parties from using Confidential materials in connection with any trial, hearing, deposition of a Party or third party witness, or any other proceeding in this Litigation

16. Nothing in this Protective Order shall constitute a waiver of any party's rights under any applicable state or federal law, court rules, or both, including but not limited to the right to object to the production of any documents based on any applicable state or federal law, court rules, or both. Nor shall this Order be used as a basis to request or compel the production of any documents from a third party or as a waiver of any applicable state or federal law, court rules, or both, that prevent the discovery of any documents from a third party. Further, no action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

17. The obligations imposed by the Protective Order shall survive the termination of this action.

**SO ORDERED.**

Dated this _____ day of _____, 2020.


_____
United States District Court Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ***SEYMON BOKMAN d/b/a L'UOMO*** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 2:20-cv-02887-TJS** |
| | ) | |
| **ENTINEL INSURANCE COMPANY,** | ) | |
| **LIMITED** | ) | **JURY TRIAL DEMAND** |
| | ) | |
| **Defendant.** | ) | |

**Written Assurance Acknowledging Stipulated Protective Order**

_____ declares that:

I reside at _____in the

City of _____, County of _____ , State of _____.

I am currently employed by_____,

located at _____, and my current job title is

_____.

I have read and I understand the terms of the Protective Order dated

_____, filed in Case No. 2:20-cv-02887-TJS, pending in the United States

District Court for the Eastern District of Pennsylvania.  I agree to comply with and be

bound by the provisions of the Protective Order.  I understand that any violation of the

Protective Order may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated

"Confidential" obtained pursuant to such Protective Order, or the contents of such

9

documents, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Protective Order.

As soon as practical, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received them, any documents in my possession designated "Confidential" and all copies, excerpts, summaries, notes, digests, abstracts and indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the Eastern District of Pennsylvania for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

Executed on  _____          _____

              (Date)                                              (Signature)