# EXHIBIT C

JS-6

FILED
CLERK, U.S. DISTRICT COURT

11/12/2020

CENTRAL DISTRICT OF CALIFORNIA
BY: ___CW___ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONG AFFAIR CARPET AND RUG, INC. d/b/a UNIVERSAL CARPET and LA CARPET,<br><br>Plaintiff,<br><br>v.<br><br>LIBERTY MUTUAL INSURANCE COMPANY, OHIO SECURITY INSURANCE COMPANY, and DOES 1-20,<br><br>Defendants. | Case No.: SACV 20-01713-CJC(JDEx)<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [Dkt. 15] |

## I. INTRODUCTION

Plaintiff Long Affair Carpet and Rug, Inc. d/b/a Universal Carpet and LA Carpet filed this lawsuit against Defendants Liberty Mutual Insurance Company ("Liberty Mutual") and Ohio Security Insurance Company ("Defendant") in Orange County

Superior Court. (Dkt. 1-1 [Complaint]; *see* Dkt. 8 [First Amended Complaint, hereinafter "FAC"].) On September 9, 2020, Liberty Mutual removed to this Court. (Dkt. 1 [Notice of Removal].) On September 15, 2020, Liberty Mutual was dismissed by the parties' stipulation. (Dkt. 11.) Defendant now moves to dismiss Plaintiff's FAC. (Dkt. 15 [Motion to Dismiss, hereinafter "Mot."].) For the following reasons, the motion is **GRANTED**.[1]

## II. BACKGROUND

Plaintiff is a California corporation doing business in Orange County California. (FAC ¶ 2.) Plaintiff purchased a business insurance policy from Defendant, which covers "direct physical loss of or damage to the Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss." (Dkt. 8-1 [Policy] at 47.)[2] The only Covered Cause of Loss is "[d]irect physical loss." (*Id.* at 48.) The Policy also includes Business Income and Extra Expense coverage, which also requires the loss or damage to be caused by or result from "a direct physical loss." (FAC ¶ 11; *see* Policy at 53, 55.) Specifically, the Business Income provision states, "[w]e will pay for the actual loss of Business Income you sustain due to the necessary suspension of your 'operations' during the 'period of restoration.' The suspension must be caused by direct physical loss of or damage to property at the described premises." (Policy at 53.) The Extra Expense provision states, "[w]e will pay necessary Extra Expense you incur during the 'period of restoration' that you would not have incurred if there had been no direct physical loss or damage to property at the described premises." (*Id.* at 55.)

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for November 16, 2020, at 1:30 p.m. is hereby vacated and off calendar.

[2] Plaintiff attaches a copy of the Policy, which forms the basis of its claim, to its amended complaint. Accordingly, under the doctrine of incorporation, the Court may consider the language contained in the Policy in resolving this motion. *See United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003).

On March 15, 2020, Plaintiff was forced to close its business in its entirety due to government orders in response to the COVID-19 pandemic. (FAC ¶¶ 12–13.) Plaintiff subsequently submitted a claim for loss of its business income to Defendant. (*Id.* ¶ 14.) Defendant rejected Plaintiff's claim without investigating. (*Id.*) As a result, Plaintiff filed the instant lawsuit asserting two claims for (1) breach of the implied covenant of good faith and fair dealing and (2) breach of contract. (*Id.* ¶¶ 20–33.)

### III.  LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. The issue on a motion to dismiss for failure to state a claim is not whether the claimant will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims asserted. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Moyo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994).

However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (stating that while a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, courts "are not bound to accept as true a legal conclusion couched as a factual allegation" (citations and quotes omitted)). Dismissal of a complaint for failure to state a claim is not proper where a plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. In keeping with this liberal

pleading standard, the district court should grant the plaintiff leave to amend if the complaint can possibly be cured by additional factual allegations. *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

## IV.  DISCUSSION

### A. Direct Physical Loss or Damage

The interpretation of an insurance contract is a question of law for the courts. *See Waller v. Truck Ins. Exch., Inc.*, 11 Cal. 4th 1, 18 (1995). "While insurance contracts have special features, they are still contracts to which the ordinary rules of contractual interpretation apply." *Bank of the W. v. Superior Court*, 2 Cal. 4th 1254, 1264 (1992). "When interpreting a policy provision, we must give terms their ordinary and popular usage, unless used by the parties in a technical sense or a special meaning is given to them by usage." *Palmer v. Truck Ins. Exch.*, 21 Cal. 4th 1109, 1115 (1999) (citation and quotation marks omitted). Additionally, "[t]he terms in an insurance policy must be read in context and in reference to the policy as a whole, with each clause helping to interpret the other." *Sony Comput. Ent. Am. Inc. v. Am. Home Assurance Co.*, 532 F.3d 1007, 1012 (9th Cir. 2008).

The Policy at issue requires "direct physical loss of or damage to property" for there to be coverage. (*See* Policy at 53, 55.) Under California law, losses from inability to use property do not amount to "direct physical loss of or damage to property" within the ordinary and popular meaning of that phrase. Physical loss or damage occurs only when property undergoes a "distinct, demonstrable, physical alteration." *MRI Healthcare Ctr. Of Glendale, Inc. v. State Farm Gen. Ins. Co.*, 187 Cal. App. 4th 766, 779 (2010) (citation and quotation marks omitted); *see also Ward Gen. Ins. Servs., Inc. v. Emps. Fire Ins. Co.*, 114 Cal. App. 4th 548, 554 (2003) ("direct physical" modifies both "loss of"

and "damage to"). "Detrimental economic impact" is insufficient. *MRI Healthcare*, 187 Cal. App. 4th 779; *see also Doyle v. Fireman's Fund Ins. Co.*, 21 Cal. App. 5th 33, 39 (2018) ("[D]iminution in value is not a covered peril, it is a measure of loss" in property insurance."). In other words, "[a]n insured cannot recover by attempting to artfully plead impairment to economically valuable use of property as physical loss or damage to property." *10E, LLC v. Travelers Indem. Co. of Conn.*, 2020 WL 5359653, at *5 (C.D. Cal. Sept. 2, 2020). "Plaintiff's FAC attempts to make precisely this substitution of impaired use of value for physical loss [of] or damage [to] in seeking . . . coverage." *Id.* Plaintiff plausibly alleges only that California's COVID-19 restrictions interfered with the use or value of its property, not that the restrictions caused direct physical loss or damage.

Nevertheless, Plaintiff argues that the Court should apply "a more liberal interpretation" and find "'direct physical loss or damage' where there is a direct loss of use, utility, access, or function of the covered property, even though there is no structural damage." (Dkt. 20 [Opposition] at 5–8.) However, the cases Plaintiff cites in support of this argument, involve a structure being rendered "uninhabitable" or "useless." *See, e.g.*, *Hughes v. Potomac Ins. Co. of D.C.*, 199 Cal. App. 2d 239, 248 (1962) ("rendered completely useless"); *Western Fire Ins. Co. v. First Presbyterian Church*, 165 Colo. 34, 39 (1968) ("uninhabitable"); *Sentinel Management Co. v. N.H. Ins. Co.*, 563 N.W.2d 296, 300 (Minn. Ct. App. 1997) ("rendered useless"); *Murray v. State Farm Fire & Cas. Co.*, 203 W. Va. 477, 493 (1998) ("unusable or uninhabitable"); *Port Auth. of N.Y. & N.J. v. Affiliated FM Ins. Co.*, 311 F.3d 226, 236 (3d Cir. 2002) ("uninhabitable and unusable").[3] Similarly, courts in this district have found that "the phrase 'loss of' includes the

---

[3] Other cases cited by Plaintiff are inapposite because they address specific policy provisions that are not at issue in this case. *See Farmers Ins. Co. of Or. v. Trutanich*, 123 Or. App. 6, 11 (1993) (physical loss due to methamphetamine "vapor" was covered under "smoke" provision); *Nat'l Ink & Stitch, LLC v. State Auto Prop. & Cas. Ins. Co.*, 435 F. Supp. 3d 679, 682–86 (D. Md. 2020) (coverage for loss of functionality of a computer system under "Electronic Media and Records (Including Software)" policy provision).

permanent dispossession of something." *See Total Intermodal Servs. Inc. v. Travelers Prop. Cas. Co. of Am.*, 2018 WL 3829767, at *4 (C.D. Cal. July 11, 2018).

The facts alleged in Plaintiff's FAC do not fall within this more expansive interpretation of "direct physical loss or damage to" property. Plaintiff has been dispossessed of its storefronts, but it is not a "permanent dispossession." *See Mudpie, Inc. v. Travelers Cas. Ins. Co. of Am.*, 2020 WL 5525171, at *4 (N.D. Cal. Sept. 14, 2020). "When the [COVID-19] orders are lifted, [Plaintiff] can regain possession of its storefront[s]." *Id.* Similarly put, there is no coverage under the Policy for Plaintiff's loss of business caused by the COVID-19 orders.

### B. Virus Exclusion

While the Court finds that Plaintiff fails to plausibly allege that it suffered a "physical loss of or damage to" its premises due to the COVID-19 orders, the Court further finds that coverage would be precluded under the virus exclusion provision of the Policy. The virus exclusion provision clearly and unequivocally states:

> **B. Exclusions**
>
> We will not pay for loss or damage caused directly or indirectly by any of the following. . . .
>
> **j. Virus or Bacteria**
>
> **(1)** Any virus, bacterium or other microorganism that induces or is capable of inducing physical distress, illness or disease.

(Policy at 66, 68.) Plaintiff's FAC clearly demonstrates that all alleged loss or damage was both caused by and resulted from the novel coronavirus, either directly or indirectly. The FAC alleges that Plaintiff's closure was caused by

government officials' orders "to protect the public health and limit social interactions" in response to the COVID-19 pandemic.  (*See* FAC ¶¶ 12–13.)  The virus exclusion applies here and precludes all coverage.

## V. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is **GRANTED**.  There is no coverage under the Policy because there was no physical damage to Plaintiff's business premises and, in any event, the virus exclusion in the Policy precludes coverage for any damage or loss caused directly or indirectly by COVID-19.  Plaintiff cannot state a claim for breach of contract or breach of the implied covenant of good faith and fair dealing.  Because amendment is futile, the FAC is **DISMISSED WITH PREJUDICE**.

DATED: November 12, 2020

HON. CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE